UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 3:10-00260-18 |
| v. | ) | William J. Haynes, Jr. |
| | ) | Chief Judge, U.S. District Court |
| | ) | |
| ABDIGADIR AHMED KHALIF | ) | |

## MOTION TO CLARIFY ORDER

*Handwritten annotation:* ORDER. This motion is GRANTED. Electronic monitoring is less intrusive than GPS. The charges in this action require electronic monitoring. /s/ [Judge] 1-9-14

Comes now Defendant, Abdigadir Khalif, by and through counsel, and requests that this Honorable Court clarify its order in D.E. 3517. In support of this request, Mr. Khalif submits the following:

Mr. Khalif requested that electronic monitoring condition (ankle mounted bracelet) be lifted for good reason. (D.E. 3491). This Honorable Court granted the GPS, but denied the electronic monitoring. (D.E. 3517). These are essentially one in the same. Therefore, Mr. Khalif is under the same oppressive conditions that he was prior to the order. This essentially binds him to a dorm room all weekend with only three 20-minute breaks per day to use the restroom and eat: 9:00 AM - 9:20 AM; 2:00 PM - 2:20 PM; and 7:00 PM - 7:20 PM. The machine is known to malfunction, causing loud noises, which has disturbed other college students. This condition also prevents him from meeting with study groups and working.

The GPS electronic monitoring is designed to ensure that defendants show up for court. Mr. Khalif has no prior criminal history and has been present for court hearings and meetings with counsel. Considering the trial in this case cannot move forward until the appeal of the first trial is disposed of, Mr. Khalif may be forced to house arrest in a dorm room that has no bathroom or kitchen amenities for the next year.